HEARD APRIL TERM, 1872.

MAYER *vs.* BLEASE.

An attorney at law has no power, merely as attorney, to assign his client's judgment to a third person.

In an equity cause the conclusion of the Circuit Judge upon a question of fact will not be reversed unless clearly shown to be erroneous.

Authority to compromise a debt does not authorize its assignment to a third party.

Under a bill by a judgment creditor, against the assignee, to set aside an assignment of the judgment held by defendant, the Court cannot order property of the judgment debtor to be sold, he being no party to the suit.

BEFORE MOSES, J., AT NEWBERRY, SEPTEMBER TERM, 1871.

Bill in equity by E. P. Mayer & Brother, plaintiffs, against Henry H. Blease, defendant, to set aside an assignment to the defendant of two judgments recovered by the plaintiffs, one against Basil M. Blease and the other against Thomas W. Blease. The case is stated in the decree of the Circuit Judge, which is as follows :

MOSES, J.   On the 23d October, 1859, the complainants in this case recovered, in the Court of Common Pleas for Newberry District, two judgments, one against Basil M. Blease, and one against Thomas W. Blease, each in the sum of ($339.88) three hundred and thirty-nine dollars and eighty-eight cents.   The suits in which these judgments were obtained were founded upon a promissory note, of which Basil M. Blease was maker, and Thomas W. Blease was endorser.   Upon these judgments executions were lodged in the Sheriff's office, and afterwards renewed, to wit:   On the 10th day of October, 1866.   In these suits Messrs. Summer & Chapman were the attorneys of record.

At the time the judgments were obtained Thomas W. Blease was the owner of a house and lot in the town of Newberry, which he afterwards sold and conveyed to the defendant, Henry H. Blease, who, at the time, had actual notice of the above mentioned judgments and executions.   In the year 1868, negotiations were opened between the parties for the compromise of the debt upon which these judgments were founded, but they failed ; and the plaintiffs themselves ordered a levy to be made upon the house and lot above mentioned, which was advertised by the Sheriff to be sold on the first Monday in December of that year.   A few days before the sale was to take place the defendant procured from Henry Summer, of the firm of Summer & Chapman, attorneys at

law, an assignment of said judgments and executions, in considera-
tion of his paying therefor the sum of three hundred dollars, and
immediately withdrew said executions from the Sheriff's office,
whereby the sale of the property levied on was prevented. The
complainants refused to accept this arrangement of their debt, and
returned the draft, which had been remitted to them for the
amount, which Henry Summer had agreed to take in payment
thereof. The defendant, when called upon to do so, refused to
restore to the complainants their executions upon their offer to
deliver to him said draft, and now insists that, "from the circum-
stances of the case, and the law applicable thereto," the assignment
of the judgments and executions made by Henry Summer to the
defendant is good and valid.

The facts hereinbefore stated are derived from the pleadings, and
are not controverted. Upon the hearing of the case I allowed
testimony, which was offered by the defendant, to be introduced
upon the question of Henry Summer's authority to compromise
complainants' debt and assign their jugdments and executions to
the defendant. But the defendant failed to shew that Henry
Summer had any authority in these suits beyond that of attorney
at law. It is true that he said to the witnesses that no other
attorney than himself had any control of the cases, and that he
had the right to compromise and settle them ; but the proof was
very clear that he referred to his general authority as attorney at
law. He did not say that he had any special authority either to
compromise or assign the cases, and the assignment itself was
executed by him as attorney at law. The question at issue, there-
fore, is one of law : whether Henry Summer, by virtue of his
general authority, as plaintiff's attorney in the suits referred to,
could execute a valid assignment of the judgments and executions
obtained therein. I have no hesitancy in deciding that question in
the negative. The general rule is, that the authority of an
attorney at law is determined by the judgment, and the only
exception to the rule, which has been very rigid by the Courts, is
the one which allows the attorney to receive his client's money on
an execution, and which has been put upon the ground of con-
venience in practice. The point made in this case is expressly
ruled in the case of *C. Noonan* vs. *Executors of A. Gray*, 1 Bail.,
437 ; see also cases of *Commissioners* vs. *Rose*, 1 DeS., 469.;
*Marshal* vs. *Nagel and Thompson*, 1 Bail., 308 ; *The Treasurers* vs.

*McDowell,* 1 Hill, 184; *Markly* vs. *Amos,* 8 Rich., 468. The principle is too well settled to be now disturbed.

The defendant, by possessing himself of the executions, and claiming to hold them by virtue of said assignment, has put it out of the power of the plaintiffs to enforce them or to keep them alive by renewal. The assignment executed by Henry Summer being invalid and inoperative, the plaintiff's rights should not be prejudiced by the act of the defendant in withdrawing the executions from the Sheriff's office and retaining possession of them.

It is, therefore, ordered and decreed that the assignment executed by Henry Summer to the defendant of the judgments and executions obtained by the complainants against Basil M. Blease and Thomas W. Blease be set aside; that the defendant do forthwith return said executions to the office of the Sheriff of Newberry County, and that, unless the executions in said cases be fully satisfied by payment of the amounts due thereon by the first Monday in December next, the Sheriff of said County do sell the house and lot mentioned in the pleadings, and heretofore levied on, on the first Monday in January next, after having duly advertised the same, and apply to said executions so much of the proceeds of said sale as will be sufficient to satisfy the same.

It is further ordered that defendant pay the costs of this case.

The defendant excepted to the judgment, and moved this Court to review and reverse the same on the following grounds:

*First.* Because His Honor the Circuit Judge erred in deciding that Henry Summer, one of the attorneys who obtained the judgment assigned in this case, had no authority to compromise and assign the said judgment and execution thereon at law, when it was proved that he told the appellant, at the time, that he was fully authorized to do so, which is corroborated by the fact he made the same compromise that the respondent had previously authorized other parties to make.

*Second.* Because His Honor erred in ordering the assignment made by Henry Summer, attorney, to be set aside, when it was made in good faith, and in accordance with the previous instructions of the respondent.

*Third.* Because His Honor erred in not requiring the respondent to give credit for the proceeds of the check for three hundred dollars mentioned in the decree, if the same has been collected, and, if it has not been collected, in not ordering the same to be returned to the appellant.

*Fourth.* Because His Honor erred in ordering the house and lot to be sold when the respondents should have been left to their rights under the judgment, and execution restored to them by the decree ordering the cancellation of the assignment.

*Jones, Baxter and Johnstone,* for appellant:

1. The evidence clearly shows that H. Summer was authorized to compromise the judgment in this case. Blease proves that he told him, when the compromise was made, that he *had the right to compromise,* and that he made the same compromise that the respondents had authorized other parties to make in this case.

2. The compromise was made in good faith, by an intelligent attorney, and the same amount received as the respondents had previously agreed to take, and should not, therefore, be set aside, particularly as it was supposed then that old debts would be repudiated.—*Holker* vs. *Parker,* 2 Curtis U. S., 615.

3. The check for $300, given in compromise of this case, should either be credited on the judgment or returned if the assignment is set aside.

4. Setting aside the assignment of the judgment in this case restores to the respondent all his rights, and the Court had no right to order the house and lot sold, particularly as the defendant, in the case of the judgment, had property out of which the money could be made.

*Garlington, Suber & Caldwell, Fair, Pope,* contra:

1. The authority of an attorney at law in a case is restricted to the prosecution of the action and the receipt of the amount of the judgment for his client. The attorney has no right, unless expressly empowered, to compromise and assign the judgment and execution.—*Commissioners* vs. *Rose,* 1 DeS., 469. " He is to sue and recover the debt. After judgment and execution, his authority is at an end. * * * * From the whole train of authorities it is evident that he must actually receive the money, and that an ideal payment, or the receipt of anything in lieu of it, will not bind his client."—*Noonan* vs. *Ex'rs. of Gray,* 1 Bail., 437; *Marshall* vs. *Nagel, ibid,* 308; *Treasurer* vs. *McDowell,* 1 Hill, 184; *Markly* vs. *Amos,* 8 Rich., 468; *Shaw* vs. *Kidder,* 2 How. Pr. Rep., 244.

2. The Court of Equity, having taken jurisdiction of the case, had power to administer full and complete justice by ordering the

sale of property which was under levy under the judgment and ex-
ecution, when relieved by the fictitious assignment of the judgment
and execution.—Story Eq., Sec. 64, k.   " The jurisdiction having
once rightfully attached, it shall be made effectual for the purposes
of complete relief."   See also Fonblanque Eq., B. 1, Ch. 1, § 3 ;
*ibid* B. 6, Ch. 3, § 6.

3. The real estate mentioned in the appeal was, at the time of the
assignment of the judgment and executions, bound by them, and
under actual levy.   The rescission of the assignment restores it to
that condition, unless it is shown that there is other property to
satisfy the judgment.

4. It was never denied that the appellant was entitled to a return
of his draft.   It was tendered to him before suit, and refused.   He
has never attempted to obtain possession of it.

Nov. 27, 1872.   The opinion of the Court was delivered by

Moses, C. J.   So much of the decree of the Circuit Court as de-
termines that an attorney at law, by virtue of his mere power in
that relation, cannot execute a valid assignment of a judgment and
execution obtained by him for his client, is sustained by the authori-
ties therein referred to.   The conclusion, too, can be vindicated on
principle, irrespective of a regard to the duties and obligations which
result from the relation.   The right to assign follows from the pos-
session of the legal title, unless the interest is only of an equitable
character.   A plaintiff holds his judgment by a legal title, and this
he can only transfer directly by himself or a duly constituted
attorney in fact.   The exercise of the power by Mr. Summer was
not ascribed to any authority save that claimed for him as the
attorney at law in the case.

His right to compromise depended on the facts and circumstances
proved on the trial, and the conclusion of the Circuit Judge from
them must stand, unless shown to be so entirely erroneous as to
justify our interference by impressions from the evidence altogether
contrary to his own.

Even assuming, as is claimed by the argument for the appellant,
that Mr. Summer was authorized to compromise the case, in point
of fact he did not carry out the purpose which it is said he was to
effect.   A compromise implied a settlement with the defendants on
the executions, by a discharge or satisfaction, in consideration of a
receipt from them of a lesser sum than the amount of the debts.

The act of Mr. Summer in attempting to assign to a third party, so far from accomplishing the object of the plaintiffs, was in direct opposition to it, for the mere transfer in no way benefited the defendants in the judgments by accepting from them an amount less than the full sum due, but merely transferred the whole debt to a new creditor.

The judgments for their full face value still remained open against them, with no change except that they were to be held for the benefit of a third party, who was to profit by the arrangement.

The claim of the appellant to have a credit on the *fi. fa.* for the amount of the check is inconsistent with the position which he asserts as assignee. If he is the owner of the debt, a reduction of it by the credit is against his interest. There is not a particle of proof that he advanced the amount at the request either of B. M. Blease or T. W. Blease, with the understanding that the judgments were to be left open to that extent for his benefit. On the contrary, he alleges he paid the money in consideration of the assignment of the debt, and now contends that, by reason thereof, he is the legal owner.

The defendant is entitled to the draft. It appears, by the pleadings, to be in the hands of the plaintiffs' solicitors, delivered to them by Mr. Summer, to whom it was returned. It is but equitable that if the plaintiffs are remitted to their original position in regard to the judgments, it should be restored to him. The tender of it by the plaintiffs, and the relief prayed on their part, repudiates its ownership by them.

There was error in so much of the decree as directs the sale of the house and lot by the Sheriff. Neither he nor the defendants in the executions were parties to the proceeding. When the assignment was ordered to be set aside the judgments were under the control of the plaintiffs, subject to any objections which the defendants, B. M. Blease and T. W. Blease, or either, might lawfully interpose, or to any rights growing out of the equities of third persons. The decree must be modified.

It is, therefore, ordered and adjudged that so much of it as sets aside the said assignment, and requires the return of the said executions to the office of the Sheriff of Newberry, be confirmed. It is also ordered that the plaintiffs, by themselves, or their solicitors or agents, return to the said defendant, H. H. Blease, the draft referred to, and that so much of it as directs a sale of the house and

lot be set aside, without prejudice to the rights of the plaintiffs under their executions.

*Willard*, A. J., and *Wright*, A. J., concurred.